The State of Texas v. Jesse Edward Hancock
















IN THE
TENTH COURT OF APPEALS
 

No. 10-99-290-CR

     THE STATE OF TEXAS,
                                                                         Appellant
     v.

     JESSE EDWARD HANCOCK,
                                                                         Appellee
 

From the County Court at Law No. 1
McLennan County, Texas
Trial Court # 984575 CR1
                                                                                                                
                                                                                                            
MEMORANDUM OPINION
                                                                                                                
   
      Jesse Edward Hancock was arrested and formally charged by an information with the
offense of keeping a gambling place. See Tex. Pen. Code Ann. § 47.04 (Vernon 1994). At a
pretrial hearing, Hancock urged that controlling statutes are unconstitutionally vague to give
him notice of this prohibited conduct. When the trial court agreed and dismissed the
information, the State appealed. Following a recent opinion of one of our sister courts, we
find that the trial court erred. We reverse the order dismissing the information and remand the
cause to the trial court for further proceedings.
BACKGROUND
      The information alleged that Hancock, in McLennan County, Texas, “did then and there
knowingly use a building as a gambling place, namely, a place used for playing 8-liners and
slot machines, and said property was owned by Jesse Edward Hancock the defendant. . . .” A
person commits this offense if he knowingly uses or permits another to use as a gambling place
any real estate, building, room, tent, vehicle, boat, or other property whatsoever owned by
him or under his control, or rents or lets any such property with a view or expectation that it
be so used. Id. § 47.04(a).
      A gambling place means any real estate, building, room, tent, vehicle, boat, or other
property whatsoever, one of the uses of which is: (1) the making or settling of bets; (2)
bookmaking; (3) the conducting of a lottery; or (4) the playing of gambling devices. See Tex.
Pen. Code Ann. § 47.01(3) (Vernon Supp. 2001).
      At the pretrial hearing, Hancock argued that because the information charged that his
“gambling place” was “a place used for playing 8-liners and slot machines,” the State
necessarily had to prove that the 8-liners and slot machines were “gambling devices.” 
However, according to Hancock, Penal Code section 47.01(4)(B)


, which defines a gambling
device, is unconstitutionally vague as applied to him. Id. § 47.01(4)(B). After the hearing, the
trial court signed a written order finding that “Section 47.01(4) and Section 47.04 of the Texas
Penal Code contain language that is too vague to [apprize] a Defendant of the conduct
proscribed therein, and that those sections of the Penal Code are therefore unconstitutional.” 
The State appealed. Tex. Code Crim. Proc. Ann. art. 44.01(a) (Vernon Supp. 2001).
DISCUSSIONThe Third Court of Appeals, in State v. Wofford, recently addressed whether section
47.01(4)(B) is constitutional, under circumstances similar to those presented in this appeal. 
State v. Wofford, 2000 WL 1752542, at *1 (Tex. App.—Austin Nov. 30, 2000, no pet. h.). 
The Austin court applied a two-pronged test for challenges for vagueness: (1) whether an
ordinary, law-abiding person receives sufficient information from the statute that his conduct
risks violating the criminal law; and (2) whether the statute in question provides sufficient
notice to law enforcement personnel to prevent arbitrary or discriminatory enforcement. Id. at
*5-8. The court determined that section 47.01(4)(B) is constitutional and remanded the causes
to the trial court. Id.
      We will follow Wofford. Thus, for the reasons stated by the Third Court of Appeals, we
hold that the trial court erred when it found section 47.01(4)(B) to be unconstitutionally vague. 
      Although it is not clear from the record, we perceive that the trial court’s ruling that
section 47.04 “contain[s] language that is too vague to [apprize] a Defendant of the conduct
proscribed therein” is based upon its belief that section 47.01(4)(B) is defective. The
information charged that Hancock’s “gambling place” was “a place used for playing 8-liners
and slot machines.” As a result, the State would have to prove that the 8-liners and slot
machines were “gambling devices.” See Tex. Pen. Code Ann. § 47.01(3). The trial court’s
ruling that 47.01(4)(B), which defines gambling devices, was unconstitutionally vague,
necessarily tainted section 47.04 as it applied to Hancock. On that basis, section 47.04 was
likewise held unconstitutional.
      The "constitutionality of a statute is not to be determined in any case, unless such a
determination is absolutely necessary to decide the case in which the issue is raised." Turner
v. State, 754 S.W.2d 668, 675 (Tex. Crim. App. 1988). For this reason, we decline to
address the propriety of the trial court’s ruling that section 47.04 “contains language that is too
vague.” Id.
      Because we agree with and follow an earlier ruling of the Third Court of Appeals that
section 47.01(4)(B) is not unconstitutionally vague as applied to the prosecution of “eight-liners,” we hold that the trial court erred in dismissing the information. We reverse the order
dismissing the information and remand the cause to the trial court for further proceedings.


                                                                                 PER CURIAM


Before Chief Justice Davis,
          Justice Vance, and
          Justice Gray
Reversed and remanded
Opinion delivered and filed December 13, 2000
Publish